No. 5846

First Circuit Appeal

---

## JOHN B. GARDNER v. LOUISIANA WESTERN RAILROAD COMPANY

---

(December 30, 1924, Opinion and Decree)
(February 18, 1925, Rehearing Refused)
(In U. S. Supreme Court)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 131, 149.**

Where, under Act No. 223 of 1914, two years had not elapsed from the day of delivery to the day that defendant was cited, prescription was interrupted, although there is no evidence to show when notice in writing was given to plaintiff that his claim was disallowed.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 131, 149, 160.**

Under the law of offset and compensation, where the main demand for damages to a freight shipment has not prescribed, the demand of defendants in a reconvention demand for a balance due on freight charges on the same shipment of merchandise has not prescribed.

(Civil Code Article 2754.. Editor's note.)

Appeal from the Eighteenth Judicial District, Parish of Acadia, Hon. Wm. Campbell, Judge.

This is a suit for damages to a shipment of goods. There was a reconventional demand. There were pleas of res adjudicata and prescription. Judgment for plaintiff. Defendant appealed.

Judgment amended and affirmed.

Medlenka and Bruner, of Crowley, and Harry McCall, of New Orleans, attorneys for plaintiff and appellee.

Levy & Chaffe, of New Orleans, and P. S. Pugh, of Crowley, attorneys for defendant and appellant.

ELLIOTT, J. On a previous appeal in this case from a judgment against plaintiff, John B. Gardner, sustaining the prescription of two years pleaded against this action by the defendant Louisiana Western Railroad Company under the law of this state, Act 223 of 1914, the judgment appealed from was reversed, the exception and plea of prescription overruled and the case remanded to the lower court for further proceedings as the law provides.

Plaintiff's demand is for damages alleged to have been caused by the injury to various articles and the complete loss of others belonging to plaintiff in an interstate shipment of same by him as freight consigned, the initial carrier receiving the freight at Crowley in the parish of Acadia.

Defendant denies the injuries and losses alleged and in amended answer urges

against plaintiff a demand in reconvention for $100.00 as an undercharge on the freight and $3.00 as war tax, total $103.00.

Plaintiff in turn pleads and urges against defendant's demand in reconvention the prescription of two years under the law of this state, Act 223 of 1914. The lower court, after trial on the merits, maintained the prescription of two years urged by plaintiff against defendant's demand in reconvention and rendered judgment in favor of the plaintiff for $324.00 with legal interest from July 9, 1920, until paid.

Defendant has appealed.

A plea and exception of res adjudicata was filed in this court by the plaintiff and appellee, Gardner, as to the question of prescription which defendant had filed in the lower court based on Act 223 of 1914 and which the lower court had sustained but which this court overruled on appeal; presumably because of defendant's argument and brief in this court in which this plea and prescription of two years under Act 223 of 1914 is again urged by defendant, on the theory, we suppose, that the ruling of the lower court and of this court on the question of prescription was an interlocutory decree and therefore the ruling subject to review; because the record does not show any new exception and plea of prescription on part of the defendant.

In regard to the plea and exception of prescription of two years based on Act 223 of 1914 urged by defendant, and which was before this court considered and decided on the previous appeal, we do not accept as correct defendant's contention that the judgment of the lower court sustaining the prescription of two years pleaded and dismissing the suit; which judgment was appealed from and on appeal reversed, the plea of prescription overruled and the case remanded, was an interlocutory judgment, subject to further review; but as a final judgment, disposing of that question and closing it against further review on appeal in the same case; but we have, for the purposes of this appeal, pretermitted that question and have re-examined it anew as if it had not been formerly considered at all.

The shipment in question was inter state, therefore comes within the Act of Congress:

"Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise, a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for the institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof, specified in the notice."

Plaintiff alleges that his claim was disallowed October 29, 1920, but the record shows that this suit was filed on April 12, 1922, and defendant cited on April 13, 1922. The plaintiff testifies without contradiction that the goods were not delivered to him at Murray, Kentucky, until April 15, 1920. We conclude that it was impossible for plaintiff's claim to be disallowed before the goods were delivered to him; consequently, although the record does not show when notice in writing was given to plaintiff that his claim had been disallowed, if given at all; yet as two years did not elapse between the day of delivery and the day defendant was cited, the prescription urged by defendant is not good and can not be sustained. We will not write in this opinion the views expressed by us in our former opinion, but will hold, adding thereto the above statement of fact, that our former opinion was correct and properly disposes of the prescription pleaded under the law.

In regard to the merits of the controversy, the preponderance of the evidence establishes the injuries and losses claimed by plaintiff. It is not easy to fix the proper sum which should be paid on account of injuries to and the loss of articles such as claimed by plaintiff, but we are satisfied that the sum allowed by the district judge is correct under the evidence and will not disturb his judgment in that respect. The shipment being inter state, the initial carrier is responsible under the law governing interstate shipments for the entire injury and loss sustained as far as the shipper is concerned.

An undercharge in freight $100.00 and war tax $3.00 is claimed by defendant and established by the evidence, total $103.00. The District Court maintained plaintiff's plea and exception of prescription of two years under the law, Act 223 of 1914, of this state against the demand. Without reference to any law except that of offset and compensation, it can be said that plaintiff owed this additional sum as freight and war tax at the time the goods were received by him. He had been injured while his goods were in transit in a sum and amount not determined until he filed this suit April 12, 1922, in which he fixes the total sum due him on that account. As the judgment allows plaintiff interest from July 9, 1920, we conclude that this sum due on account of freight and war tax should be imputed as a credit and offset against the sum allowed plaintiff as of date July 9, 1920, Such being our view, the prescription urged by plaintiff against this demand is not applicable to bar or cut off the same. The judgment appealed from will be amended in this respect so as to conform to our views.

It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, John B. Gardner, and against the defendant, Louisiana Western Railroad Company, for $324.00 with legal interest thereon from July 9, 1920, until paid, less and subject to $103.00 as credit applied thereto July 9, 1920, and as thus amended that the judgment appealed from be affirmed, defendant and appellant to pay the cost of the lower court, the plaintiff and appellee the cost of appeal.